UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **ROSA COLLINS**, | : | Case No. 1:21-cv-00526 |
| | : | |
| Plaintiff, | : | |
| | : | Judge Michael R. Barrett |
| vs. | : | |
| | : | Magistrate Judge Karen L. Litkovitz |
| **METROPOLITAN SEWER** | : | |
| **DISTRICT OF GREATER** | : | **Answer of Defendant Hamilton County** |
| **CINCINNATI, ET AL.**, | : | **Board of County Commissioners** |
| | : | |
| Defendants. | : | |

Now comes the Board of County Commissioners of Hamilton County, Ohio ("Defendant" or "Board"), by and through counsel, and for its answer to Plaintiff's Complaint states as follows:

**<u>FIRST DEFENSE</u>**

1. Regarding the allegations in paragraph 1 of the Complaint, Defendant admits that Plaintiff filed a civil action naming the City of Cincinnati, the Metropolitan Sewer District of Greater Cincinnati, and the Board. Defendant denies the remaining allegations in paragraph 1 of the Complaint.

2. Defendant denies the allegations in paragraph 2 of the Complaint.

3. Defendant denies the allegations in paragraph 3 of the Complaint.

4. Defendant denies the allegations in paragraph 4 of the Complaint.

5. Defendant denies the allegations in paragraph 5 of the Complaint.

6. Defendant denies the allegations in paragraph 6 of the Complaint.

7. The allegations in paragraph 7 of the Complaint are legal conclusions that require no response; to the extent a response is deemed necessary Defendant denies the allegations.

8. The allegations in paragraph 8 of the Complaint are legal conclusions that require no response; to the extent a response is deemed necessary Defendant denies the allegations.

9. The allegations in paragraph 9 of the Complaint are legal conclusions that require no response; to the extent a response is deemed necessary Defendant denies the allegations.

10. The allegations in paragraph 10 of the Complaint are legal conclusions that require no response; to the extent a response is deemed necessary Defendant denies the allegations.

11. Defendant denies the allegations in paragraph 11 for lack of knowledge.

12. Regarding the allegations in paragraph 12 of the Complaint, Defendant admits that it is a political subdivision with limited statutory authority pursuant to the Ohio Revised Code and that the Metropolitan Sewer District of Greater Cincinnati is a county sewer district pursuant to Chapter 6117 of the Ohio Revised Code. Furthermore, Defendant admits that the City of Cincinnati operates the Metropolitan Sewer District of Greater Cincinnati pursuant to a 1968 operating agreement with the Board. Defendant denies the remaining allegations in paragraph 12 of the Complaint.

13. Regarding the allegations in paragraph 13 of the Complaint, Defendant admits that it is a political subdivision with limited statutory authority pursuant to the Ohio Revised Code and that the Metropolitan Sewer District of Greater Cincinnati is a county sewer district pursuant to Chapter 6117 of the Ohio Revised Code. Furthermore, Defendant admits that the City of Cincinnati operates the Metropolitan Sewer District of Greater Cincinnati pursuant to a 1968 operating agreement with the Board. Defendant denies the remaining allegations in paragraph 13 of the Complaint.

14. Regarding the allegations in paragraph 14 of the Complaint, Defendant admits that it is a political subdivision with limited statutory authority pursuant to the Ohio Revised Code and that the Metropolitan Sewer District of Greater Cincinnati is a county sewer district

pursuant to Chapter 6117 of the Ohio Revised Code. Furthermore, Defendant admits that the City of Cincinnati operates the Metropolitan Sewer District of Greater Cincinnati pursuant to a 1968 operating agreement with the Board. Defendant denies the remaining allegations in paragraph 14 of the Complaint.

15. Defendant admits it is a governmental entity subject to certain restrictions under the United States Constitution, but denies any constitutional violation implied in paragraph 15.

16. The allegations in paragraph 16 contain statements of law, which are not averments to which a response is required. Defendant denies Paragraph 16 to the extent it is inconsistent with the Consent Decree, the 1968 operating agreement, or laws applicable to Defendant.

17. The allegations in paragraph 17 contain statements of law, which are not averments to which a response is required. Defendant denies Paragraph 16 to the extent it is inconsistent with the Consent Decree, the 1968 operating agreement, or laws applicable to Defendant.

18. The allegations in paragraph 18 contain statements of law, which are not averments to which a response is required. Defendant denies Paragraph 16 to the extent it is inconsistent with the Consent Decree, the 1968 operating agreement, or laws applicable to Defendant.

19. Defendant denies the allegations in paragraph 19.

20. Defendant denies the allegations in paragraph 20.

21. Defendant denies the allegations in paragraph 21.

22. Defendant denies the allegations in paragraph 22.

23. Defendant denies the allegations in paragraph 23.

24. Defendant denies the allegations in paragraph 24.

25. Defendant denies the allegations in paragraph 25.

26. Defendant denies the allegations in paragraph 26.

27. Defendant denies the allegations in paragraph 27 for lack of knowledge.

28. Defendant denies the allegations in paragraph 28 for lack of knowledge.

29. Defendant denies the allegations in paragraph 29 for lack of knowledge.

30. Defendant denies the allegations in paragraph 30 for lack of knowledge.

31. Defendant denies the allegations in paragraph 31 for lack of knowledge.

32. Defendant denies the allegations in paragraph 32 for lack of knowledge.

33. Defendant denies the allegations in paragraph 33.

34. Defendant denies the allegations in paragraph 34 for lack of knowledge.

35. Defendant denies the allegations in paragraph 35 for lack of knowledge.

36. Defendant denies the allegations in paragraph 36 for lack of knowledge.

37. Defendant denies the allegations in paragraph 37 for lack of knowledge.

38. Defendant denies the allegations in paragraph 38 for lack of knowledge.

39. Defendant denies the allegations in paragraph 39.

40. Defendant denies the allegations in paragraph 40.

41. Defendant admits that it entered into an "expedited claims protocol" and that Plaintiff submitted a claim to the Defendants on January 3, 2020. In order to evaluate Plaintiff's claims, the City has requested access multiple times since January 17, 2020 to Plaintiff's home so that it could make an independent evaluation of property conditions and probable cost to remediate and restore the property. Despite repeated efforts and proposals by the City, Plaintiff denied access to the property, preventing resolution of her claim. Defendant denies the remainder of the allegations in Paragraph 41.

42. Defendant admits that it has engaged in extensive pre-litigation settlement efforts, which have obviously not been successful. Counsel for Defendant admits to providing a courtesy call to Plaintiff's Counsel and leaving a voicemail. Defendant denies the remainder of the implications and allegations in Paragraph 42.

43. Defendant admits that the Defendants and Plaintiff agreed to toll applicable limitations periods and other timeliness requirements for the period of June 1, 2021 through and including August 15, 2021 for the June 15/16 flooding claims. Defendant admits that Plaintiff filed this complaint on August 16, 2021, the first day following expiration of the tolling agreement. Defendant denies the remainder of the allegations in Paragraph 43.

44. Defendant incorporates by reference each and every response to Paragraphs 1 through 43 of the Answer.

45. Defendant denies the allegations in paragraph 45.

46. Defendant denies the allegations in paragraph 46.

47. Defendant denies the allegations in paragraph 47.

48. Defendant incorporates by reference each and every response to Paragraphs 1 through 47.

49. Paragraph 49 is Plaintiff's statement of law, which is not an averment to which a response is required. Defendant denies any implication that it acted in derogation of any of Plaintiff's rights.

50. Defendant admits that the takings clause of the Fifth Amendment of the Constitution provides that "private property shall not be taken for public use, without just compensation" and that the Fifth Amendment is made applicable to States through the Fourteenth Amendment, which provides that no State shall "deprive any person of life, liberty, or property without due process of law." Defendant denies the remainder of the

allegations in Paragraph 50 and denies any implication that it acted in derogation of Plaintiff's rights.

51. Paragraph 51 is Plaintiff's statement of law, which is not an averment to which a response is required. Defendant denies any implication that it acted in derogation of any of Plaintiff's rights denies the allegations in paragraph 51.

52. Defendant denies that MSD is a local governing body or person since MSD is a county sewer district pursuant to Chapter 6117 of the Ohio Revised Code and lacks capacity to be sued, but Defendant admits the remainder of the allegations in Paragraph 52.

53. Defendant denies the allegations in paragraph 53.

54. Defendant denies the allegations in paragraph 54.

55. Defendant denies the allegations in paragraph 55.

56. Defendant denies the allegations in paragraph 56.

57. Defendant denies the allegations in paragraph 57.

58. Defendant denies the allegations in paragraph 58.

59. Defendant denies the allegations in paragraph 59.

60. Defendant denies the allegations in paragraph 60.

61. Defendant denies the allegations in paragraph 61.

62. Defendant denies the allegations in paragraph 62.

63. Defendant denies the allegations in paragraph 63.

64. Defendant incorporates by reference each and every response to Paragraphs 1 through 63.

65. Defendant denies the allegations in paragraph 65.

66. Defendant denies the allegations in paragraph 66.

67. Defendant denies the allegations in paragraph 67.

68. Defendant denies the allegations in paragraph 68.

69. Defendant denies the allegations in paragraph 69.

70. Defendant denies the allegations in paragraph 70.

71. The allegations in the final, unenumerated, paragraph 71 of the Complaint are legal conclusions that require no response; to the extent a response is deemed necessary Defendant denies the allegations.

## SECOND DEFENSE

72. Defendant denies each and every allegation of the Complaint not previously expressly admitted to be true.

## THIRD DEFENSE

73. The Complaint fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE

74. The allegations of the Complaint relating to the conduct of County Defendants does not set forth a depravation of rights, privileges or immunities secured by the Constitution or laws of the United States. Further said allegations are not specific as to each Defendant as required by law.

## FIFTH DEFENSE

75. Plaintiff's injuries, if any, are the direct and proximate result of actions or failures to act on her own part or on the part of parties other than Defendant and for whom Defendant is not responsible according to law.

## SIXTH DEFENSE

76. Defendant hereby asserts all applicable immunities and defenses available under Ohio Revised Code Chapter 2744 and one or more federal and state constitutional, statutory, or common law immunities.

## SEVENTH DEFENSE

77. Defendant is immune from liability at common law and under both state and federal law, as any action undertaken by Defendant that may have affected Plaintiff was undertaken in good faith, with probable cause and/or in the execution of duties as provided by law.

## EIGHTH DEFENSE

78. Defendant is protected by absolute or qualified immunity.

## NINTH DEFENSE

79. Defendant asserts each defense contained in Fed. R. Civ. P. 12 as if copied herein.

## TENTH DEFENSE

80. The injuries, if any, suffered by Plaintiff resulted entirely from her own negligence, reckless, intentional or otherwise wrongful conduct.

## ELEVENTH DEFENSE

81. The County Defendants hereby assert all applicable immunities and defenses available under the 11th Amendment of the United States Constitution.

## TWELFTH DEFENSE

82. At no time were the acts or omissions on the part of the County Defendants indifferent, deliberate or otherwise, to any need of Plaintiff, nor were the acts or omissions malicious, wanton or reckless, outside of the scope and course of his employment or official capacity, or undertaken in bad faith.

## THIRTEENTH DEFENSE

83. Plaintiff has failed to join all necessary and proper parties.

## FOURTEENTH DEFENSE

84. Defendant is entitled to the setoff provision in R.C. 2744.05.

**FIFTEENTH DEFENSE**

85. Defendant hereby provides notice that it intends to assert and rely upon all affirmative defenses, immunities, avoidances, counterclaims, cross-claims and/or third party claims, which become available or apparent during the course of discovery or trial, and the Defendant hereby reserves the right to amend their Answer to assert any and all such defenses, immunities, avoidances, counterclaims, cross-claims, and/or third party claims.

WHEREFORE, having fully answered, Defendant demands that Plaintiff's Complaint be dismissed, with prejudice and at Plaintiff's cost, and that the Court grant Defendants such further relief as it deems just and proper under the circumstances of the cause.

JOSEPH T. DETERS
PROSECUTING ATTORNEY
HAMILTON COUNTY, OHIO

/s/ *Charles W. Anness*
Jerome A. Kunkel (0039562)
Charles W. Anness (0082194)
Assistant Prosecuting Attorneys
HAMILTON COUNTY PROSECUTOR'S OFFICE
230 East Ninth Street, Suite 4000
Cincinnati, Ohio 45202
(513) 946-3103 (Kunkel)
(513) 946-3273 (Anness)
jerry.kunkel@hcpros.org
charles.anness@hcpros.org

*Attorneys for Defendant Hamilton Cty.*
*Bd. of Cty. Commissioners*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 15th day of October 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Charles W. Anness*
Charles W. Anness (0082194)
Assistant Prosecuting Attorney